UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1 :20-cv-03432

**DEBORAH LAUFER**, an individual,

        Plaintiff,

v.

**M&P LODGING COMPANY, LLC**,

        Defendant(s).

___

**SECOND AMENDED COMPLAINT**
(Injunctive Relief Requested)
___

      Plaintiff, Deborah Laufer, individually ('Plaintiff") on her own behalf and on behalf of all other individuals similarly situated, hereby sues the Defendant, M&P Lodging Company, LLC ("Defendant"), for Injunctive Relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et. seq. ("ADA") and damages and attorney fees and costs pursuant to the Colorado Anti-Discrimination Act ("CADA")

1. Plaintiff is a resident of Pasco County, Florida, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, Plaintiff is bound to ambulate in a wheelchair or with a cane or other support and has limited use of her hands. She is unable to tightly grasp, pinch and twist of the wrist to operate. When ambulating beyond the comfort of her own home, Plaintiff must primarily rely on a wheelchair. Plaintiff requires accessible handicap parking spaces located closest to the entrances of a facility. The handicap and access

aisles must be of sufficient width so that she can embark and disembark from a ramp into her vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that Plaintiff can reach them. She has difficulty operating doorknobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. She is hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning her legs. Sinks must be at the proper height so that she can put her legs underneath to wash her hands. She requires grab bars both behind and beside a commode so that she can safely transfer, and she has difficulty reaching the flush control if it is on the wrong side. She has difficulty getting through doorways if they lack the proper clearance.

2. Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites comply with the ADA.

3. According to the county property records, Defendant owns a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns is a place of lodging known as Hillside Inn Pagosa Springs CO and is located at 2 Solomon Or, Pagosa Springs, CO 81147 in the County of Archuleta (hereinafter Hotel" or "Property")

4. Venue is properly located in the District of Colorado because the Hotel is located in this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title Ill of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

Count I - Violation of The ADA

6. Plaintiff realleges paragraphs 1-5 as if set forth fully hereunder.

7. As the owner of the subject place of lodging, Defendant is required to comply with the ADA. As such, Defendant is required to ensure that it's place of lodging is in compliance with the standards applicable to places of public accommodation, as set forth in the regulations promulgated by the Department of Justice. Said regulations are set forth in the Code of Federal Regulations, the Americans With Disabilities Act Architectural Guidelines ("ADAAGs"), and the 2010 ADA Standards, incorporated by reference into the ADA. These regulations impose requirements pertaining to places of public accommodation, including places of lodging, to ensure that they are accessible to disabled individuals.

8. More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirements:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
>
> > (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> >
> > (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals

with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

9. These regulations became effective March 15, 2012.

10. Defendant, either itself or by and through a third party, implemented, operates, controls and or maintains an online reservations system (hereinafter "ORS") for the Property. The purpose of this ORS is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Property. As such, the ORS is subject to the requirements of 28 C.F.R. Section 36.302(e).

11. Plaintiff has family in Colorado and has been to the State numerous times to visit. This includes approximately once each year for the past several years. Since 2019. Plaintiff has had, and continues to have, plans to drive from her home in Florida all the way to Maine, then westward all the way to Colorado. When in Colorado, she plans to travel throughout the entire State to visit various points of interest, the mountains and other attractions. This includes the

Denver area. She will bring her grandchild along on the trip as an educational excursion and will tour many states along the East Coast, the northern states, then the southern states and through Texas on the return trip home. Initially, Plaintiff planned to make this trip during the summer of 2020, but now awaits the passing of the Covid crisis to subside. As soon as it becomes safe to travel, she will take her trip. Plaintiff needs to be able to compare the accessibility information of each hotel so that she can determine where to stay. The failure of this defendant's and other hotels to comply with the Regulation deprive Plaintiff of the information she requires to make a meaningful choice in selecting what hotels she can stay in.

12. On multiple occasions prior to the commencement of this lawsuit,, Plaintiff visited the ORS for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether it meets the requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs. However, Plaintiff was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e) and failed to provide the third party reservations providers with the information required to comply with this Regulation.

 As a result, Plaintiff was deprived the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public. Specifically, with respect to the website located at: www.expedia.com,it did not comply with the Regulation because it did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to

whether the rooms or features at the hotel are accessible. Hotel amenities, room types and amenities are all listed in detail. No information was given about accessibility in the hotel other than the statements "Accessible bathroom", "In-room accessibility", "Roll-in shower", "Wheelchair-accessible parking", and "Wheelchair-accessible path of travel". With respect to the

website located at: www.hotels.com, that it did not comply with the Regulation because it did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible. Hotel amenities, room types and amenities are all listed in detail. No information was given about accessibility in the hotel other than the statements "Accessible bathroom", "In-room accessibility", "Roll-in shower", "Wheelchair-accessible parking", and "Wheelchair-accessible path of travel". With respect to the website located at: www.orbitz.com, that it did not comply with the Regulation because it did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible. Hotel amenities, room types and amenities are all listed in detail. No information was given about accessibility in the hotel other than the statements "Accessible bathroom", "In-room accessibility", "Roll-in shower", "Wheelchair accessible parking", and "Wheelchair accessible path of travel". With respect to the website located at: www.priceline.com, that it did not comply with the Regulation because it did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible. Hotel amenities, room types and amenities are all listed in detail. No information was given about accessibility in the hotel other than the statements "Accessible rooms/facilities" and 'Facilities for disabled guests available". With respect to the website located at: www.trip.com, that it did not comply with the Regulation because it did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible. Hotel amenities, room types and amenities are all listed in detail. No information was given about accessibility in the hotel other than the statement "Accessible rooms". With respect

to the website located at: www.cheaptickets.com, that it did not comply with the Regulation because it did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible. Hotel amenities, room types and amenities are all listed in detail. No information was given about accessibility in the hotel other than the statements "Accessible bathroom", "In-room accessibility", "Roll-in shower", "Wheelchair-accessible parking", and "Wheelchair-accessible path of travel". With respect to the website located at: www.travelocity.com, that it did not comply with the Regulation because it did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible. Hotel amenities, room types and amenities are all listed in detail. No information was given about accessibility in the hotel other than the statements "Accessible bathroom", "In-room accessibility", "Roll-in shower", "Wheelchair-accessible parking", and "Wheelchair-accessible path of travel". With respect to the website located at: www. reservations. com, that it did not comply with the Regulation because it did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible. Hotel amenities, room types and amenities are all listed in detail. No information was given about accessibility in the hotel other than the statements "Wheelchair accessible bathroom", "Roll in shower", "Wheelchair accessible path of travel", "Wheelchair accessible parking", and "In room accessibility". With respect to the website located at: www.hotelplanner.com, that it did not comply with the Regulation because it did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible. Hotel amenities, room types and amenities are all listed in

detail. No information was given about accessibility in the hotel other than the statements "Accessible bathroom", "In-room accessibility", "Roll-in shower", "Wheelchair accessible parking", and "Wheelchair accessible path of travel". With respect to the website located at: www.getaroom. com, that it did not comply with the Regulation because it did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible. Hotel amenities, room types and amenities are all listed in detail. No information was given about accessibility in the hotel. With respect to the website located at: www. hotels. bookety.com, that it did not comply with the Regulation because it did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible.

Hotel amenities, room types and amenities are all listed in detail. No information was given about accessibility in the hotel other than the statements "Accessible bathroom", "In-room accessibility", "Roll-in shower", "Wheelchair-accessible parking", and "Wheelchair-accessible path of travel".

13. In the near future, Plaintiff intends to revisit Defendant's ORS in order to test it for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the system to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Property. Plaintiff also has a system whereby she makes a list of every hotel she sues, records the dates she visited its ORS, and marks her calendar for revisitation shortly after a complaint is filed. Then she again marks the date to revisit once it is established by settlement agreement or court order when the hotel's ORS is required to become compliant, and indeed revisits them on that date. Plaintiff also intends to review this hotel's reservations

system as soon as the Covid crisis is over and it is safe to travel to the area, so that she can compare the accessible features of this hotel with others in the area in planning her trip.

14. Plaintiff is continuously aware that the subject ORS remains non-compliant and that it would be a futile gesture to revisit it as long as those violations exist unless she is willing to suffer additional discrimination.

15. The violations present at Defendant's ORS infringe Plaintiff's right to travel free of discrimination and deprive her of the information required to make meaningful choices for travel. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's ORS. By continuing to operate the ORS with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's ORS and knowing that it would be a futile gesture to return to the ORS unless she is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. By maintaining a ORS with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public. Defendant's online reservations system serves as a gateway to its hotel. Because this online reservation system discriminates against Plaintiff, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

16. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify its ORS to comply with

the requirements of the ADA and to continually monitor and ensure that the subject ORS remains in compliance.

17. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the ORS. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.

18. The Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject website.

19. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

20. Defendant has discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

21. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

22. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject ORS to make them readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the ORS until such time as the Defendant cures its violations of the ADA.

### Count II - Damages, Attorneys' Fees and Costs Pursuant to CADA

23. Plaintiff realleges paragraphs 1-11 as if set forth fully hereunder.

24. The Defendant's hotel is a place of public accommodation within the meaning of the CADA, Section 24-34-601.

25. Plaintiff has a "disability" within the meaning of CADA Section 24-34-301.

26. The CADA, at Section 24-34-601(2)(a) provides: "It is a discriminatory practice and unlawful for a person, directly or indirectly, to refuse, withhold from, or deny to an individual.., because of disability ... the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation."

27. Defendant has violated the CADA. As a result, Plaintiff has suffered humiliation, embarrassment, frustration, segregation, exclusion, the loss of equality of opportunity and full and equal access to Defendant's services and has otherwise been damaged.

28. Pursuant to CADA, Section 24-34-802, Plaintiff may bring a civil suit in a court of competent jurisdiction and is entitled to: (I) A court order requiring compliance with the provisions of the applicable section; (II) The recovery of actual monetary damages; or (Ill) A

statutory fine not to exceed three thousand five hundred dollars and an award of attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title Ill of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and the CADA.

b. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title Ill of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e).

c. Injunctive relief against the Defendants including an order to revise its ORS to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the ORS to ensure that it remains in compliance with said requirement.

d. An award of attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

e. An award of damages for her humiliation, exclusion, frustration, embarrassment segregation and denial of full and equal enjoyment.

f. An award of attorneys' fees and cots pursuant to the CADA.

g. Statutory damages pursuant to the CADA.

h. Such other relief as the Court deems just and proper, and/or is allowable under Title Ill of the Americans with Disabilities Act.

/s/ *Philip Michael Cullen, III, Esq*.
PHILIP MICHAEL CULLEN, III
Attorney at law B Chartered
Fla. Bar No: 167853
621 South Federal Highway, Suite Four
Fort Lauderdale, Florida 33301

Telephone: (954) 462-0600

Facsimile: (954) 462-1717

CULLENIII@aol.com.com

I HEREBY CERTIFY that, on April 28, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

|

/s/Philip Michael Cullen, III, Esq.